**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 20-cv-3850-WJM-SKC

DECO PRODUCTS, INC.,

    Plaintiff,

v.

DECO PRODUCTS OF FLORIDA, LLC, and
GREGORY E. TATUM,

    Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

---

This matter is before the Court on: (1) Plaintiff Deco Products, Inc.'s ("Deco")

Motion for Default Judgment as to Defendants Deco Products of Florida, LLC ("Deco

Florida") and Gregory E. Tatum (jointly, "Defendants") ("Motion for Default") and (2)

Deco's Motion for an Expedited Ruling or Hearing on its Motion for Default Judgment

("Motion to Expedite").  (ECF Nos. 17 & 21.)  For the following reasons, both motions

are denied.

## I. BACKGROUND

This trademark infringement action arises out of Defendants' allegedly

impermissible use of Deco's marks, impersonation of its chief executive officer, and

failure to pay Deco for certain products received.  (ECF No. 1.)  Deco is a Colorado

corporation headquartered in Denver, Colorado, which specializes in concrete coatings

and sealers.  (*Id.* ¶¶ 3, 6.)  Deco Florida is a Florida limited liability company, and Tatum

is its *de facto* principal.  (*Id.* ¶¶ 4–5.)

Deco possesses several federally registered trademarks.  (*Id.* ¶ 8.)  Deco Florida previously purchased, dealt, promoted, and sold Deco's products.  (*Id.* ¶ 16.)  Deco Florida simultaneously promoted and sold its own application services.  (*Id.*)  Approximately 18 months prior to its initiation of this action, in summer 2019, Deco requested that Deco Florida cease use of its marks due to poor reviews of Deco Florida's applications.  (*Id.* ¶ 17.)  Defendants agreed in writing to cease using the marks, but ultimately did not do so.  (*Id.*)  Further, Deco Florida has continued to use Deco's marks in its advertising through social media and on its own products.  (*Id.* ¶¶ 18–21.)

Deco initiated this action on December 31, 2020.  (ECF No. 1.)  It brings a total of seven claims: (1) trademark infringement in violation of the Lanham Act of 1946 ("Lanham Act"), 15 U.S.C. §§ 1051 *et seq.*; (2) unfair competition in violation of the Lanham Act; (3) violation of the Colorado Consumer Protection Act ("CCPA"), Colo. Rev. Stat. §§ 6-1-105 *et seq.*; (4) trademark infringement in violation of Colorado common law; (5) breach of contract; (6) violation of the Colorado Organized Crime Control Act ("COCCA"), §§ 18-17-104 *et seq.*; and (7) declaratory judgment that Deco's use of Deco Florida's images for promotional purposes is legal.[1]  (*Id.*)

After Defendants failed to appear or otherwise defend this action, Deco obtained the Clerk's Entry of Default on February 4, 2021.  (ECF No. 15.)  Deco filed its Motion for Default on March 19, 2021.  (ECF No. 17.)  Deco filed its Motion to Expedite on June 10, 2021.  (ECF No. 21.)

---

[1] Specifically, Deco alleges that Defendants issued it "sham invoic[es]" purporting to charge Deco for copyright infringement based on its use of certain photographs belonging to Deco Florida.  (ECF No. 1 ¶¶ 68–70.)

## II. LEGAL STANDARD

Default must enter against a party who fails to appear or otherwise defend a lawsuit.  Fed. R. Civ. P. 55(a).  Default judgment must be entered by the Clerk of Court if the claim is for "a sum certain"; in all other cases, "the party must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2).  Default judgment is typically available "only when the adversary process has been halted because of an essentially unresponsive party," in order to avoid further delay and uncertainty as to the diligent party's rights.  *In re Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991) (internal quotation marks and citation omitted).

## III. ANALYSIS

Before granting a motion for default judgment, the Court must ensure that it has subject-matter jurisdiction over the action and personal jurisdiction over the defaulting defendant.  *See Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202–03 (10th Cir. 1986).  Next, the Court should consider whether the well-pleaded allegations of fact—which are admitted by the defendant upon default—support a judgment on the claims against the defaulting defendant.  *See Fed. Fruit & Produce Co. v. Red Tomato, Inc.*, 2009 WL 765872, at *3 (D. Colo. Mar. 20, 2009).

### A.    Jurisdiction

The Court finds it has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's trademark claims arise under federal law.  Pursuant to 28 U.S.C. § 1367, the Court finds that it has supplemental jurisdiction over Plaintiff's state law claims, as they arise out of the same set of operative facts, namely, Deco's dispute with

Defendants over their use of Deco's marks and failure to compensate Deco for certain goods.  (ECF No. 1.)

As to personal jurisdiction, Deco asserts that Defendants have sufficient minimum contacts with Colorado to justify its exercise of jurisdiction over them, although they are domiciled in Florida.  (ECF No. 17 at 3–5.)

A court's exercise of personal jurisdiction over a non-resident defendant must comport with the requirements of Colorado's long-arm statute and constitutional due process requirements.  *Oaster v. Robertson*, 173 F. Supp. 3d 1150, 1162 (D. Colo. 2016).  Thus, a court may only exercise personal jurisdiction over a non-resident party if that party has sufficient minimum contacts with the state such that the exercise of jurisdiction would not violate "traditional notions of fair play and substantial justice."  *Id.*; *see also Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Specific personal jurisdiction over an out-of-state company exists if the company "purposefully directed its activities at residents of the forum state," and the plaintiff's injuries arose out of such activities.  *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1071 (10th Cir. 2008).  Further, "parties who reach out beyond one state and create continuing relationships and obligations with citizens of another state are subject to regulation and sanctions in the other State for the consequences of their activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985).

Deco contends that Defendants entered a contract with it to cease use of its marks, thereby satisfying the minimum contacts requirement.  (ECF No. 17 at 3.)  Deco further asserts that Defendants purposefully directed their activities to Colorado because they infringed on Deco's products, impersonated Deco's president, a resident

of Colorado, and knew that "the brunt of the injury from the action would be felt in Colorado."  (*Id.* at 4.)

Deco alleges that it maintained certain contracts with Defendants, confirmed by invoices and a declaration of Deco's president.  (ECF Nos. 17-1 & 17-4.)  As its claims arise out of this contractual relationship between the parties, the Court concludes that Defendants have sufficient minimum contacts with Colorado to justify its exercise of jurisdiction.  *See Burger King*, 471 U.S. at 473; *Dudnikov*, 514 F.3d at 1071.  Moreover, the exercise of jurisdiction comports with traditional notions of fair play and substantial justice, as "modern transportation and communication have made it much less burdensome for a party sued to defend himself in a State where he engages in economic activity."  *Burger King*, 471 U.S. at 474.  The Court therefore proceeds to the issue of liability.

## B.    Defendants' Liability

Deco does not explain in its Motion for Default how its allegations establish the elements of each of its claims.  (*See generally* ECF No. 17.)  Rather, concerning the merits of the action, it states only in conclusory manner that "[t]he Complaint and Background Facts disclosed [in the Motion for Default] set forth the factual elements establishing each of the foregoing claims."  (*Id.* at 6.)  Deco asserts, therefore, that given Defendants' failure to respond, it is automatically entitled to judgment in its favor on all claims.  (*Id.*)

For the Court to enter a default judgment in favor of Deco on its claims, Deco must establish Defendants' liability as to each claim.  *See Fed. Fruit & Produce Co.*, 2009 WL 765872, at *3.  Deco instead shifts the onus to the Court to identify the

elements of each claim and sift through its factual allegations to determine whether Deco has established liability.  The Court finds that, due to its complete failure to argue in a non-conclusory way that its allegations satisfy the elements of each of its claims, Deco has not established Defendants' liability and is therefore not entitled to default judgment.  *See id.*  Accordingly, the Motion for Default is denied.  Given this ruling, the Motion to Expedite is denied as moot.

Finally, the Court pauses to make an additional observation.  With respect to its declaratory judgment claim, Deco asserts that Defendants have accused it of copyright infringement through "sham invoicing" thereby creating a legal controversy over its use of certain images. (ECF No. 1 ¶¶ 68–70.)  However, beyond Deco's failure to elaborate on this claim or provide evidence that its use of the images was authorized, it does not allege or otherwise argue that Defendants have brought an infringement claim such that a controversy is ripe for resolution.

The Court cannot discern a basis for essentially issuing an advisory opinion based on a speculative claim that Defendants have not asserted.  Finding that Deco's allegations do not establish an "actual controversy" rendering declaratory judgment appropriate, the Court will *sua sponte* dismiss Claim Seven.  *See Marquez v. AMRG Holdings*, 2021 WL 411104, at *4 (D. Colo. Feb. 5, 2021) (dismissing complaint *sua sponte* where allegations did not establish liability for purposes of default judgment); *see also State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 982 (10th Cir. 1994) (stating that a court "is not obliged to entertain every justiciable declaratory claim brought before it").

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.    Deco's Motion for Default Judgment (ECF No. 17) is DENIED;

2.    Deco's Motion to Expedite (ECF No. 21) is DENIED as moot; and

3.    Deco's declaratory judgment claim (Claim Seven) is DISMISSED WITHOUT

PREJUDICE.


Dated this 6th day of October, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge